IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 09-CR-490 JEC

FRANCISCO SOLORIO-MONDRAGON
AND TIA SILVEY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Defendant Tia Silvey's Motion to Dismiss the Case for Violation of the Defendants' Speedy Trial Rights Under 18 U.S.C. § 3161(c)(1)* (Doc. 85), filed March 2, 2010 ("Motion"). Having reviewed the Motion, the Government's Response, the history of this case, and being otherwise fully informed in the premises, the Court will GRANT the Motion and dismiss the Indictment against Defendant Silvey without prejudice. Because the same law and reasoning apply to Defendant Solorio-Mondragon, the Court will also dismiss the Indictment against Defendant Solorio-Mondragon.

**I.    BACKGROUND**

On January 30, 2009, the United States filed its Complaint against Ms. Silvey and Co-Defendant Francisco Solorio-Mondragon, asserting that they knowingly possessed fifty (50) grams of methamphetamine with the intent to distribute same. As required by the Speedy Trial Act, the Government indicted both Defendants within thirty days. 18 U.S.C. § 3161(b). Charges brought against the Defendants are: (1) conspiracy to possess with intent to distribute, and (2) possession with intent to distribute. *Redacted Indictment* (Doc. 14), filed February 26, 2009. Defendant Tia Silvey was arraigned on March 5, 2009, triggering the 70-day deadline within

which her trial should commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(c)(1). As Defendant Silvey points out in her Motion, she should have been brought to trial no later than May 14, 2009 absent any periods of delay excluded by the Speedy Trial Act. 18 U.S.C. § 3161(c)(1) and (h).

Ms. Silvey's attorney moved to extend the Motions Deadline in this case five times—on March 30, 2009, May 8, 2009, June 24, 2009, July 31, 2009, and September 14, 2009. In each of the last three motions for extension of time, counsel for the Defendants represented that Defendants waived their speedy trial rights. *Defendants' Third Unopposed, Joint Motion to Extend Time for Filing Motions* (Doc. 26), filed June 24, 2009, at ¶ 6 ("Pursuant to 18 U.S.C. § 3161(h)(8)(A) [sic] the ends of justice are served by granting this motion and the defendants waive their right to a speedy trial"); *Defendants' Fourth Unopposed, Joint Motion to Extend Time in which To File Pre-Trial Motions* (Doc. 28), filed July 31, 2009, at ¶ 7 ("Pursuant to 18 U.S.C. § 3161(h)(8)(A) [sic] the ends of justice are served by granting this motion and the defendants waive their right to a speedy trial"); *Defendants' Fifth Unopposed Joint Motion for Enlargement of Time in which To File Pre-Trial Motions* (Doc. 30), filed September 14, 2009, at ¶ 7 ("Pursuant to 18 U.S.C. § 3161(h)(8)(A) [sic] the ends of justice are served by granting this motion and the defendants waive their right to a speedy trial").

It is Ms. Silvey's position that none of the extensions granted in this case can be excluded from the Speedy Trial Act calculations, and, therefore, the case should be dismissed.

## II. DISCUSSION

### A. A Violation of the Speedy Trial Act Has Occurred.

Delays that may be excluded from the speedy trial calculations include

> [a]ny period of delay resulting from a continuance granted by any

>       judge ... at the request of the defendant or his counsel..., if the
>       judge granted such continuance on the basis of his findings that the
>       ends of justice served by taking such action outweigh the best
>       interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). However, no such periods of delay are excludable

>       unless the court sets forth, in the record of the case, either orally or
>       in writing, its reasons for finding that the ends of justice served by
>       the granting of such continuance outweigh the best interests of the
>       public and the defendant in a speedy trial.

*Id.*

The Tenth Circuit has noted that the ends-of-justice exception noted about "was meant to be a rarely used tool for those cases demanding more flexible treatment." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Duran*, 882 F.2d 1511, 1515 (10th Cir. 1989)). In *Toombs*, the Tenth Circuit held that the district court had made insufficient findings in support of seven continuances granted. *Id.*

>       A record consisting of only short, conclusory statements lacking in
>       detail is insufficient. For example, it is insufficient to merely state
>       that counsel is new and thus needs more time to adequately prepare
>       for trial or that counsel or witnesses will be out of town in the
>       weeks preceding trial and therefore more time is needed to prepare
>       for trial. Simply identifying an event, and adding the conclusory
>       statement that the event requires more time for counsel to prepare,
>       is not enough.

*Id.* at 1271-72.

Neither the requested extensions of time nor the Court's orders granting the extensions in this case sets forth the detail required by *Toombs*. Thus, the Court must agree with Defendant Silvey that a Speedy Trial Act violation has occurred.

### B.   The Appropriate Sanction for the Violation is Dismissal Without Prejudice.

Where a violation of the 70-day speedy trial clock occurs, as in the present case, "the

3

information or indictment shall be dismissed on motion of the defendant."  18 U.S.C. § 3162(2).  Whether the dismissal is with or without prejudice is determined by the court based on the following factors: (1) the seriousness of the offense, (2) the facts and circumstances of the case which led to the dismissal, and (3) the impact of a re-prosecution on the administration of this chapter and on the administration of justice.  *Id.*

As to the first factor, if the Court determines that the charged offenses are serious, this weighs in favor of dismissing without prejudice.  *United States v. Williams*, 576 F.3d 1149, 1158 (10th Cir. 2009).  The Tenth Circuit has recognized that felony drug charges are generally treated as serious offenses.  *Id.* (citation omitted).  The fact that the drug quantity at issue in this case, 50 grams or more of methamphetamine, is an offense level of 26, which would result in a minimum sentence of 63-78 months of imprisonment under the United States Sentencing Guidelines also indicates the seriousness of the charged offenses.  *Redacted Indictment* (Doc. 14).  The first factor counsels in favor of dismissal without prejudice.

In evaluating the facts and circumstances of the case that led to dismissal, the Tenth Circuit has held that courts "should focus on the culpability of the delay-producing conduct."  *Williams*, 576 F.3d at 1158 (citation omitted).  "[W]here the delay in bringing the case to trial is the result of intentional dilatory conduct, or a pattern of neglect on the part of the Government, dismissal with prejudice is the appropriate remedy."  *Id.* (citation omitted).  Here there is no indication of delay or neglect on the part of the Government.  To the contrary, each of the requested extensions of time in this case came from Defendants.  The second factor counsels in favor of dismissal without prejudice.

Under the third factor, the Tenth Circuit indicates that courts "should consider, among

other factors, whether the delay caused by the Government was intentional and the prejudice suffered by the defendant from the Act's violation." *Id.* at 1159 (citations omitted).  As indicated above, there is no evidence of delay on the part of the Government in this case. Moreover, Defendant Silvey has asserted no prejudice from the violation of the Speedy Trial Act.  As a result, the third factor counsels in favor of dismissal without prejudice.

### III.   CONCLUSION

For the reasons stated above, the Court GRANTS *Defendant Tia Silvey's Motion to Dismiss the Case for Violation of the Defendants' Speedy Trial Rights Under 18 U.S.C. § 3161(c)(1)* (Doc. 85), filed March 2, 2010 ("Motion"), and hereby dismisses this action without prejudice.

DATED:   March 3, 2010

s/John Edwards Conway

SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

Joel Meyers, AUSA
Nicholas Gangei, AUSA
Albuquerque, NM

Counsel for Defendant
Francisco Javier Solorio-Mondragon:

James Baiamonte, Esq.
Albuquerque, NM

Counsel for Defendant
Tia Silvey:

D. Chipman Venie, Esq.
Albuquerque, NM